LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOHAN GOMEZ,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class,*

      Plaintiff,


      v.


DIRTY BIRD GROUP LLC
d/b/a DIRTY BIRD TO GO,
and JOSEPH CIRIELLO,

      Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

**Jury Trial Demanded**

      Plaintiff, JOHAN GOMEZ ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, DIRTY BIRD GROUP LLC (the "Corporate Defendant") and JOSEPH CIRIELLO (the "Individual Defendant," and collectively with the Corporate Defendant, the "Defendants") and states as follows:

1

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wages, including those resulting from an improperly deducted tip credit, (2) unreimbursed expenses of "tools of the trade" and maintenance/repair costs (3) liquidated damages and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (1) unpaid minimum wages, including those resulting from an improperly deducted tip credit, (2) unpaid spread of hours premium, (3) unreimbursed expenses of "tools of the trade" and maintenance/repair costs (4) statutory penalties, (5) liquidated damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.      Plaintiff, JOHAN GOMEZ, is a resident of Bronx County, New York.

5.      Defendants operate two restaurants under the trade name "Dirty Bird To Go" located at:

        a)      204 West 14th Street, New York, NY 10011 ("the Chelsea Location")

        b)      155 Chambers Street, New York, NY 10007 ("the Tribeca Location")

(together, the "Restaurants").

6.     The Dirty Bird to Go Restaurants operate as a single integrated enterprise. Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose;

    a)  the Restaurants are commonly owned and operated by the Individual Defendant and by the Corporate Defendant;

    b)  the Restaurants utilize the same payroll staff and have identical wage and hour policies; and

    c)  merchandise and employees are interchangeable amongst the Restaurants.

6.     The Corporate Defendant, DIRTY BIRD GROUP LLC d/b/a DIRTY BIRD TO GO is a domestic business corporation organized under the laws of the State of New York, with an address for service of process located at 285 Mott Street, #B-25, New York, NY 10012 (c/o Joseph Ciriello).

7.     Defendant, JOSEPH CIRIELLO, is the owner and Chief Executive Officer of DIRTY BIRD GROUP LLC d/b/a DIRTY BIRD TO GO. Defendant CIRIELLO exercised control over the terms and conditions of the Plaintiff, FLSA Collective Plaintiffs and Class members. CIRIELLO exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, the FLSA Collective Plaintiffs and the Class members. At all times, employees could complain to Defendant CIRIELLO directly regarding any of the terms of their employment, and Defendant CIRIELLO would have the authority to effect any changes to the quality and terms of employee's employment, including changing their schedule, compensation, or terminating or hiring such employees. CIRIELLO also had the power and

authority to supervise and control supervisors of Plaintiff, the FLSA Collective Plaintiffs and the Class members.

8.      At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

9.      At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10.      Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants in New York State, (including delivery persons, waiters, runners, bussers, porters, bartenders, barbacks, cooks, line-cooks, food preparers and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

11.      At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.  Specifically, Plaintiff and FLSA Collective Plaintiffs suffered because Defendants willfully violated their rights by failing to pay their minimum wages in the lawful amount for hours worked.  With respect to employees who were tipped employees (the "Tipped Subclass"), Defendants were

4

not entitled to take any tip credits under the FLSA, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit, (ii) caused tipped employees to engage at least 20% of their working hours in non-tipped activities, and (iii) failed to maintain daily records of tips on behalf of tipped employees. With respect to a separate subclass of employees including only delivery people ("Delivery Subclass"), Defendants failed to compensate such employees for their "tools of the trade" (bicycles used to make deliveries) and costs concomitant to the service and maintenance for such vehicles. Plaintiff, as a deliveryman, is a member of the Class, the Tipped Subclass, and the Delivery Subclass.

12.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

13.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons, (including delivery persons, waiters, runners, bussers, porters, bartenders, barbacks, cooks, line-cooks, food preparers and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

14.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are

determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

15.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees ("Tipped Subclass"), including delivery persons, bartenders, barbacks, porters and bussers. Further, with respect to a separate subclass of employees including only delivery people ("Delivery Subclass"), Defendants failed to compensate such employees for their tools of the trade (bicycles used to make deliveries) and costs concomitant to the service and maintenance for such vehicles. Plaintiff, as a deliveryman, is a member of the Class, the Tipped Subclass, and the Delivery Subclass.

16.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of (i) failing to pay minimum wage, (ii) failing to pay spread of hours, (iii) failing to provide wage statements that were in compliance with the requirements set forth by the New York Labor Law, and (iv) failing to provide proper wage and hour notice to Class members, at date of hiring and annually, per requirements of the New York Labor Law.

Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures. With respect to the Tipped Subclass, Defendants were not entitled to take any tip credits because they failed to satisfy all statutory requirements for taking a tip credit. With respect to the Delivery Subclass, Defendants failed to compensate such employees for their tools of the trade (bicycles used to make deliveries) and costs concomitant to the service and maintenance for such vehicles. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

17.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

18.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual

Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

19.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

20.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

>     a.   Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b.  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c.  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d.  Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

e.  Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

f.  Whether Defendants took proper amount of tip credit allowance under the New York Labor Law;

g.  Whether Defendants compensated Plaintiff and a sub-class of tipped employees who were delivery persons for their "tools of the trade" (i.e. bicycles used to make deliveries) and costs concomitant to the service and maintanance for such vehicles.

h.  Whether Defendants provided proper wage statements to Plaintiff and the Class members;

i.  Whether Defendants provided proper wage and hour notice, at date of hiring and annually, to the Tipped Subclass;

j.  Whether Defendants caused the Tipped Subclass to engage in non-tipped duties exceeding 20% of each workday;

k.  Whether Defendants maintained daily records of tips on behalf of the Tipped Subclass;

l.   Whether Defendants paid Plaintiff and Class members the federal and state minimum wage for all hours worked;

m.   Whether Defendants paid Plaintiff and Class members a spread of hours premium for days on which they worked 10 hours or more.

**STATEMENT OF FACTS**

21.   On or about July 17, 2014, Plaintiff JOHAN GOMEZ was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendants' Chelsea "Dirty Bird To Go"  restaurant located at 204 West 14th Street, New York, NY 10011. During his employment by Defendants, Plaintiff GOMEZ was also required to work at Defendants' Tribeca "Dirty Bird To Go" restaurant, located at 155 Chambers Street, New York, NY 10007, on an as-needed basis. However, at all times, Plaintiff GOMEZ only received compensation from the West 14th Street location.

22.   Plaintiff GOMEZ was employed by Defendants until March 8, 2015.

23.   During the employment of Plaintiff Gomez by Defendants, he worked over forty (40) hours per week.

24.   Between the start of his employment by Defendants, on July 17, 2014 and September 1, 2014, Plaintiff GOMEZ's regular work schedule was for 5 days per week, for 7 hours per day, for a total of 35 hours per week. From September 1, 2014 until March 8, 2015, the day upon which his employment terminated, Plaintiff GOMEZ worked 12 hours a day for two days per week, 5 hours a day for two days per week, and 11 hours a day for 1 day per week, for a total of 56 hours per week. . From September 1, 2014 until March 8, 2015, Plaintiff GOMEZ regularly worked over ten (10) hours per day.  Plaintiff GOMEZ was not permitted to take a lunch break during his shift.

25.     During Plaintiff GOMEZ's employment by Defendants, Plaintiff received an hourly rate of $5.65.

26.     During Plaintiff GOMEZ's employment by Defendants, he worked for 10 hours a day or more, but did not receive any spread-of-hours premiums.

27.     During his employment by Defendants, Plaintiff GOMEZ was required to spend more than fifty percent (50%) of each shift engaged in non-tipped duties, which included bringing inventory to the kitchen, cleaning and mopping floors, washing dishes, and packaging food for delivery. Similarly, other tipped employees were required to engage in non-tipped activities for at least two (2) hours per shift or twenty percent (20%) of their workday.

28.     During Plaintiff GOMEZ's employment by Defendants, Defendants failed to compensate Plaintiff for the bicycle he used to make deliveries, or pay costs associated with the bicycle's repair or maintenance. Similarly, Defendants failed to compensate other delivery employees for the bicycles that they used to make deliveries, or pay for the repair and maintenance of their bicycles.

29.     Plaintiff GOMEZ and Class members did not receive any proper wage statements, as  required under the New York Labor Law. Defendants provided Plaintiff GOMEZ and class members with wage statements that reflected their improperly taken tip credit and were therefore defective.

30.     Plaintiff GOMEZ and Class members did not receive any wage and hour notice at the beginning of their employment nor annually thereafter, as required under the New York Labor Law.

31.     Plaintiff GOMEZ and other tipped employees did not receive notice that Defendants were taking a tip credit, in violation of the New York Labor Law. In addition, Plaintiff GOMEZ and the other tipped employees did not receive any notice as to the amount of tip credit allowance taken for each payment period during their employment.  They were also never informed in writing as to their hourly rate of pay and overtime rate of pay.

32.     At all relevant times, Plaintiff GOMEZ, FLSA Collective members and Class members were unlawfully paid by Defendants at hourly rates below the standard federal and New York State minimum wages.

33.      Plaintiff retained Lee Litigation Group, PLLC to represent him, FLSA Collective Plaintiffs and Class members in this litigation and have agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

34.     Plaintiff GOMEZ realleges and reavers Paragraphs 1 through 33 of this class and collective action Complaint as if fully set forth herein.

35.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff GOMEZ and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

36.     At all relevant times, Defendants employed Plaintiff GOMEZ and FLSA Collective Plaintiffs within the meaning of the FLSA.

37.     At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

38.     At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff GOMEZ and the Tipped Subclass for their hours worked. Defendants also failed to provide Plaintiff GOMEZ and Tipped Subclass members with notice of the tip credit taken or with the  and forced Plaintiff GOMEZ and Tipped Subclass members to perform non-tipped activities for more than twenty percent (20%) of their shifts. As described above, Defendants were not entitled to claim any tip credits under FLSA with respect to Plaintiff GOMEZ and the Tipped Subclass.

39.     Defendants knowingly and willfully violated Plaintiff GOMEZ and Delivery Subclass member's rights under the FLSA by failing to compensate them for "tools of the trade" and maintenance/repair costs.

40.     Plaintiff GOMEZ is in possession of certain records concerning the number of hours worked by Plaintiff GOMEZ and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff GOMEZ and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff GOMEZ intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

41.     Defendants failed to properly disclose or apprise Plaintiff GOMEZ and FLSA Collective Plaintiffs of their rights under the FLSA.

42.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff GOMEZ and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double)

damages pursuant to the FLSA.

43.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff GOMEZ and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and unreimbursed "tools of the trade" and maintenance/repair costs, plus an equal amount as liquidated damages.

44.     Plaintiff GOMEZ and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

45.     Plaintiff GOMEZ realleges and reavers Paragraphs 1 through 43 of this class and collective action Complaint as if fully set forth herein.

46.     At all relevant times, Plaintiff GOMEZ and Class members were employed by the Defendants within the meaning of the applicable state law.

47.     Defendants knowingly and willfully violated Plaintiff GOMEZ and Tipped Subclass members' rights under the New York Labor Law by failing to pay them minimum wages in the lawful amount for hours worked.  Defendants also forced Plaintiff GOMEZ and Tipped Subclass members to perform non-tipped activities as part of their shifts. As described above, Defendants were not entitled to claim any tip credits, as they failed to provide Plaintiff GOMEZ and Tipped Subclass members with notice for the tip credit, and forced Plaintiff GOMEZ and Tipped Subclass members to spend more than twenty percent (20%) of each shift engaged in non-tipped activities.

48.     Defendants knowingly and willfully violated Plaintiff GOMEZ and Delivery Subclass member's rights under the New York Labor Law by failing to compensate them for

"tools of the trade" and maintenance/repair costs.

49.     Defendants violated the rights of Plaintiff GOMEZ and Class members under the New York Labor Law by failing to pay them "spread-of-hours" premiums for each day of their workweeks exceeding ten (10) hours in length.

50.     Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the applicable state law.

51.     Defendants failed to provide Plaintiff GOMEZ and Class members proper wage statements with every payment as required by the applicable state law.

52.     Due to the Defendants' state law violations, Plaintiff GOMEZ and Class members are entitled to recover from Defendants their unpaid minimum wages (with respect to the Tipped Subclass), unpaid overtime, unpaid spread of hours premium, unreimbursed expenses for tools of the trade and maintenance/repair, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the applicable state law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.     An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

d.     An award of unpaid costs of tools of the trade due under the FLSA and the New York Labor Law;

e.     An award of unpaid "spread of hours" premium due under the New York Labor Law;

f.     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage pursuant to 29 U.S.C. § 216;

g.     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and "spread of hours" premium pursuant to the New York Labor Law;

h.     An award of statutory penalties, and prejudgment and postjudgment interest;

i.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.     Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.


Dated: March 8, 2016

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By:       */s/ C.K. Lee*
          C.K. Lee, Esq.